N. MACON PATTERSON ET AL. v. W. N. EVERETT, SECRETARY OF STATE ET AL.

(Filed 25 February, 1925.)

**Bonds—Statutes—Veterans' Loan Fund Act.**

> *Held,* in this case, that the proposed issuance of bonds in pursuance of chapter 190, Public Laws of 1923, known as the "World War Veterans' Loan Fund Act," under the facts alleged in the complaint and admitted by the demurrer, has not been approved by a majority of the qualified electors of the State as required by the express provisions of the statute, and are therefore invalid.

CLARKSON, J., dissenting.

APPEAL by plaintiff from *Daniels, J.,* at February Term, 1925, of WAKE.

Civil action to enjoin the issuance of bonds under chapter 190, Public Laws 1923. From a judgment sustaining a demurrer interposed by the defendants, plaintiff appeals.

*John H. Manning for plaintiff.*
*Attorney-General Brummitt, Assistant Attorney-General Nash and Wade H. Phillips for defendants.*

HOKE, C. J. The parties having requested a decision in this case during the present session of the Legislature, to the end that further action may be had upon the subject, if found necessary; as now advised, it is the opinion of the Court that on the facts alleged in the complaint and admitted by the demurrer, the authority to issue bonds under chapter 190, Public Laws 1923, known as the "World War Veterans' Loan Fund Act," has not been approved by a majority of the qualified electors of the State, as required by the express provisions of said act; and that

said bonds, if issued, would not be valid and binding obligations of the State of North Carolina. The demurrer, therefore, should have been overruled.

A more extended opinion to this effect will be prepared and filed later.

CLARKSON, J., dissenting. Section 12 of the act under consideration, is as follows:

"The question of contracting a bonded indebtedness of the State of North Carolina to the amount of two million dollars in accordance with the provisions of this act shall be submitted to the vote of the qualified electors of the State at the general election to be held in one thousand nine hundred and twenty-four, for election of members of the General Assembly. A separate ballot shall be printed and distributed to the pollholders in the said election, to be voted by the qualified electors in said election, upon which shall be printed or written the words, 'For World War Veterans' Loan Fund Bonds,' and an equal number of ballots, upon which is written or printed the words, 'Against World War Veterans' Loan Fund Bonds,' shall likewise be distributed. If a majority of the qualified electors in said election vote 'For World War Veterans' Loan Fund Bonds' the board of advisors created by this act shall immediately proceed to carry into effect the provisions hereof. If a majority of said qualified voters shall, in said election, vote 'Against' World War Veterans' Loan Fund Bonds,' then this act shall thereby be annulled. Notice of the submission of the proposition shall be given, the ballots canvassed and returned, abstracts of the vote made and submitted, the votes canvassed and a declaration of the result made in the same manner as is provided in the case of the submission of a proposed constitutional amendment."

Under this language, it is my interpretation that a majority of the votes cast in said election is all that is required.

My reasons will be set forth more fully when the Court's opinion is filed.